**BURCH & CRACCHIOLO, P.A.**
702 E. OSBORN ROAD, SUITE 200
PHOENIX, AZ 85014
TELEPHONE 602.274.7611

Jake D. Curtis, SBA #019726
jcurtis@bcattorneys.com
Sarah N. O'Keefe, SBA #030131
sokeefe@bcattorneys.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| COLLEEN MCQUADE-ARREQUIN, a married woman,<br><br>Plaintiff,<br><br>v.<br><br>GRAND CANYON EDUCATION, INC., d.b.a. GRAND CANYON UNIVERSITY, a Delaware Corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>(JURY DEMAND) |

Plaintiff Colleen McQuade-Arreguin, through undersigned counsel, and for her Complaint, alleges as follows:

## JURISDICTION ALLEGATIONS

1. Plaintiff is a resident of Maricopa County, Arizona.

2. Defendant Grand Canyon Education, Inc. operating as Grand Canyon University ("GCU") is a Delaware corporation conducting business in Maricopa County, Arizona.

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that Plaintiffs allege claims pursuant to Title VII of the Civil Rights Acts of 1964, as amended ("Title VII"). This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiffs' state law claims.

4. Venue is appropriate and proper in this District Court pursuant to 28 U.S.C. § 1391(b).

5. Plaintiff has received a right to sue letter from the Equal Employment Opportunity Commission.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff began her employment with GCU in May 2009 as an Enrollment Counselor. Over the following five years she was promoted to University Development Manager.

7. As part of her job as Development Manager, Plaintiff was required to travel by airplane approximately every other month to provide coaching to off-site employees.

8. In March 2015, Plaintiff informed GCU that due to pregnancy-related medical restrictions, she would be unable to travel by airplane to visit the off-site employees she managed for the duration of her pregnancy.

9. On or about April 6, 2015, Plaintiff was told by Regional Director Jennifer Garrison that the only option to remain employed at GCU was to accept a demotion to the entry-level position of Enrollment Counselor with a corresponding pay cut of $20,000 annually.

10. Plaintiff was also told that she would not necessarily be returned to her prior position once her baby was born and the travel restrictions revoked.

11. Reasonable accommodations were available to mitigate the effect of Plaintiff's temporary travel restrictions, including video-conferencing, teleconferencing or email correspondence.

12. In fact, the Regional Director Jennifer Garrison had been similarly accommodated during her pregnancy.

13. On or about April 6, 2015, Plaintiff acquiesced to GCU demands that she take a demotion or be fired and accepted the demotion.

14. On or about June 22, 2015, Plaintiff was promoted. However, it was not to her prior position but to one that still paid her less than she made as Development Manager.

15. On August 11, 2015, Plaintiff took maternity leave from GCU. Following her maternity leave, Plaintiff elected to resign from GCU.

16. The difference between what Plaintiff would have earned but for her demotion is $4,668.74.

## COUNT I
## VIOLATION OF TITLE VII and A.R.S. §41-1461 *et seq.*
## ARIZONA CIVIL RIGHTS ACT ("ACRA")
### (Disparate Treatment)

17. Plaintiff hereby realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

18. Plaintiff is a member of a protected class in that she was a pregnant female at the time of her demotion.

19. At all times material hereto, Plaintiff performed her job duties satisfactorily as is demonstrated by promotions and annual performance reviews.

20. Plaintiff, however, was directly subjected to an unlawful discriminatory employment practice in violation of Title VII and ACRA in that she was demoted and received a significant cut in pay because of her membership in the above-referenced protected class.

21. As a direct and proximate result of said sex discrimination, she has lost substantial employment benefits including, but not limited to, wages, bonuses, benefits, and other financial losses in an amount to be proved at trial.

22. As a further direct and proximate result of said discrimination, Plaintiff has suffered extreme and severe anguish, humiliation and emotional distress, which entitles her to compensatory damages in an amount to be proved at trial.

23. Further, as said deprivation was intentional, oppressive, malicious, done with an evil mind and with reckless indifference to the constitutionality and statutorily-

protected rights of Plaintiff, including but not limited to, Title VII, Plaintiff is entitled to an award of punitive or exemplary damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A.    For compensatory damages in an amount to be proved at trial, including, but not limited to, her lost income, pain and suffering, anxiety, emotional distress, and any medical expenses resulting therefrom;

B.    For punitive or exemplary damages in an amount to be proved at trial;

C.    For Plaintiff's reasonable attorneys' fees and costs incurred herein;

D.    For pre-judgment and post-judgment interest at the statutory rate; and

E.    For such other and further relief as this Court deems just and equitable.

DATED this 29th day of February, 2016.

        **BURCH & CRACCHIOLO, P.A.**

        By */s/ John D. Curtis, II*
           John D. Curtis
           Sarah N. O'Keefe
           702 E. Osborn Road, Suite 200
           Phoenix, AZ 85014
           ***Attorneys for Plaintiff***